(November 2, 1918.)

JAMES A. McFADDEN, Appellant, v. C. C. HEISEN and W. M. JOHNSTONE, Respondents.

[175 Pac. 814.]

FRAUD—MISREPRESENTATION—PROOF.

1. Where the proof shows that the party complaining was cognizant of the real facts of the case at the time of entering into the contract, he cannot avoid the same upon the ground of fraud or misrepresentation.

2. *Held*, that the finding by the trial court that there was no fraud or misrepresentation practiced upon respondent by appellants, or either of them, or anyone acting in their behalf, is fully supported by the testimony.

[As to necessity of reliance on false representations in order to maintain action for deceit, see note in Ann. Cas. 1915B, 779.]

APPEAL from the District Court of the Sixth Judicial District, for Custer County. Hon. F. J. Cowen, Judge.

Action to have deed canceled and mortgage substituted. Judgment for defendants. *Affirmed.*

Milton A. Brown, for Appellant.

If a transaction resolves itself into security, whatever may be its form and whatever name the parties may choose to give it, it is in equity a mortgage. (*Capital Lumber Co. v. Saunders*, 26 Ida. 408, 410, 143 Pac. 1178.)

O'Brien & Glennon, for Respondents.

When findings of the trial court are based upon substantial evidence, its sufficiency will not be inquired into on appeal. (*Pomeroy v. Gordan,* 25 Ida. 279, 137 Pac. 888; *Fife v. Village of Glenns Ferry,* 26 Ida. 763, 146 Pac. 467.)

The findings of the court below are conclusive upon the reviewing court where there is a substantial conflict of evidence. (*Cameron Lumber Co. v. Stacks-Gibbs Lumber Co.,* 26 Ida. 626, 144 Pac. 1114; *Campbell v. Bank & Trust Co.,* 26 Ida. 201, 141 Pac. 1102; *Papesh v. Weber,* 27 Ida. 557, 149 Pac. 1064; *Smith v. Faris-Kesl Construction Co.,* 27 Ida. 407, 150 Pac. 25.)

BUDGE, C. J.—This action was brought for the cancelation and discharge of record of a certain deed upon appellant making, executing and delivering a mortgage in proper form and amount covering the property described therein.

It is alleged that the deed was procured by fraudulent representations on the part of the respondent Heisen; that appellant was induced to execute it under the belief that it was a mortgage. The answer specifically denies the material allegations of the complaint and alleges that the deed was executed pursuant to a contract entered into between appellant and respondent Heisen, and at the time of its execution appellant was fully informed in the premises and well knew the character and contents of the instrument.

The cause was tried by the court, without a jury, resulting in a judgment in favor of respondents. This appeal is from the judgment and an order denying a motion for a new trial. The specifications of error attack the sufficiency of the evidence.

Although appellant testified that at the time the deed was given he believed it to be a mortgage, the evidence shows it was given pursuant to a written agreement, wherein appellant agreed to deed the property to Heisen in consideration of the compromise settlement and dismissal of certain litigation then pending between the parties involving the property, Heisen

agreeing to lease the property to appellant and at the same time giving him an option to repurchase it at the agreed price of $40,000, payable on or before January 1, 1912. A deed from Heisen to appellant was placed in escrow, to be returned to the former should the latter fail to pay the purchase price. On cross-examination, appellant gave the following testimony:

"Q. Did you ask Joe McFadden whether or not these papers were all right?

"A. What—yes.

"Q. What did he say?

"A. He said they were all right.

"Q. Joe McFadden is your son, is he not?

"A. Yes, sir, he is my son.

"Q. He is a practicing lawyer of several years' experience?

"A. Yes, sir."

And again he testified:

"Q. Who did you consult with regard to this agreement signed prior to the execution of this deed?

"A. I consulted nobody that I remember.

"Q. Didn't Joe McFadden advise you in regard to that?

"A. Joe? I don't know that Joe advised me but he says, 'This is the best we can do, Father,' I think—I says, 'Joe, how are those papers?' and he says, 'Best we can do, Father.'"

The terms of the agreement compromising the disputes between the parties, taken in connection with the above testimony, clearly negative the allegations of appellant's complaint and his testimony that any misrepresentations with respect to the character of the deed were made to him or that he understood that a mortgage and not a deed was to have been given. There is no merit in the contention that the evidence is insufficient. It is difficult to see how the trial court could have reached any other conclusion. The proof is clear that appellant was apprised of the facts at the time he executed the deed. It is a well-settled principle of the law of fraud that where the party complaining was cognizant of the real facts at the time of entering into the contract, he cannot avoid the same upon the ground of fraud or misrepresenta-

tion. (Kerr on Fraud and Mistake, p. 78.) The court found in this case, and the finding is supported by the evidence, that appellant was being advised at the time he executed and delivered the deed which he sought to have declared a mortgage, by counsel who was personally present and examined the same, and who thereupon advised appellant as to its character; that there was no evidence of fraud having been practiced upon him by respondents or either of them or by any person acting for them or either of them; that neither of said respondents was present at the time of the execution of the deed, and at no time did they or either of them make any false or fraudulent representations concerning the same; that there was no fraud or mistake such as to entitle appellant to the relief prayed for in his complaint or any relief whatever.

The judgment is affirmed. Costs are awarded to respondents.

Morgan and Rice, JJ., concur.